FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2015 SEP -1 AM 11: 53

------------------------------------X

MALKA FOGEL,

             Plaintiff,

     -against-

ESCALLATE, LLC,

             Defendant.

------------------------------------X

**DOCKET NO.**

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**CV 15**    **5087**

AMON, CH.J.

BLOOM, M.J.

### NOTICE OF REMOVAL OF ACTION

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. Section 1441, et seq. defendant ESCALLATE, LLC, (hereinafter referred to as "ESCALLATE"), hereby removes this civil action from the Civil Court of the City of New York, County of Kings, to the United States District Court for the Eastern District of New York.

### I.   PROCEEDINGS TO DATE

On or about August 5, 2015, plaintiff, MALKA FOGEL, filed a summons and complaint dated July 30, 2015 in the civil action captioned MALKA FOGEL against ESCALLATE, LLC, Index No. 049292/15, in the Civil Court of the City of New York, County of Kings. Defendant was served with the summons and complaint on August 17, 2015. The complaint alleges a violation of the Fair Debt Collection Practices Act, and plaintiff seeks statutory and actual damages as well as attorney fees and other relief.

Copies of all pleadings and other papers plaintiff previously filed with the Civil Court, Kings County, are annexed hereto as Exhibit "A", as required by 28 U.S.C. Section 1446.

## II. GROUNDS FOR REMOVAL

The Court has original jurisdiction over this action because this action arises under a Law of the United States. See 28 U.S.C. Section 1331. This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (See Exhibit "A") Accordingly, according to 28 U.S.C. Section 1331, this Court has original jurisdiction over this case.

## III. VENUE

Plaintiff's action is pending in Civil Court of the City of New York, County of Kings, which is within this judicial district and division. 28 U.S.C. Section 112(c). The United States District Court for the Eastern District of New York is the District Court and Division within which ESCALLATE, LLC, may remove this action, pursuant to 28 U.S.C. Section 1441(a) and within which defendant must file this Notice of Removal, pursuant to 28 U.S.C. Section 1446(a).

## IV. TIMELINESS

This Notice of Removal is timely filed. Defendant has acknowledged service of a copy of the summons and complaint.

Plaintiff has not filed any Affidavit of Service.  This notice of Removal complies with 28 U.S.C. Section 1446(b).

### V.   NOTICE

Pursuant to 28 U.S.C. Section 1446(b), defendant, ESCALLTE, LLC, is simultaneously filing a copy of this Notice of Removal with the Civil Court of the City of New York, County of Kings. Plaintiff's counsel is also being served with a copy of this Notice of Removal.

### VI.   CONCLUSION

For the foregoing reasons, ESCALLATE, LLC respectfully requests that this action, previously pending in the Civil Court of the City of New York, County of Kings be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

Dated:   New City, NY
         August 27, 2015

                                    Respectfully submitted,


                                    _____
                                    ARTHUR SANDERS, ESQ.  (AS-1210)
                                    BARRON & NEWBURGER, P.C.
                                    Attorneys for defendant
                                    30 South Main Street
                                    New City, NY  10956
                                    845-499-2990

# <u>EXHIBIT A</u>

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| MALKA FOGEL ) | Index No. **049292** |
| Plaintiff, ) | |
| ) | **SUMMONS** |
| -against- ) | |
| ) | **Plaintiff's Residence Address:** |
| ESCALLATE, LLC ) | 1726 Ocean Avenue |
| Defendant.) | Brooklyn, NY 11230 |
| 5200 Stoneham Rd ste.200) | |
| North Canton, Ohio 44720) | **Defendant's Residence Address:** |
| ) | Escallate LLC |
| ) | C/O New York Secretary of State |
| ) | Office of the Department of State |
| ) | One Commerce Plaza |
| ) | 99 Washington Avenue |
| ) | Albany, NY 12231 |
| ) | |
| ) | **The basis of the venue designated is:** |
| ) | Plaintiff resides in Kings County |

To the above named defendant:

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Kings, at the office of the Clerk of said Court at 141 Livingston Street, Brooklyn, in the County of Kings, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon failure to answer, judgment will be taken against you for the sum of $15,000.00 with interest thereon from the 30th day of July, 2015.

Dated, the 30th day of July, 2015

*Daniel Kohn*

Daniel Kohn, Esq.
*Attorneys for Plaintiff Malka Fogel*
RC Law Group, PLLC
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 Ext. 201
Fax: (201) 282-6501

FILED
CLERKS OFFICE
AUG 05 2015
CIVIL COURT
KINGS COUNTY

NOTE: The law provides that:
(a) If this Summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY (20) days after such service; or

(b) if this Summons is served by delivery to any other person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY (30) days after the proof of service is filed with the Clerk of this Court within which to appear and answer.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------x

Malka Fogel

                            Plaintiff,

        -v.-

Escallate, LLC

                            Defendant.
-------------------------------------------------------------x

Index No: _____

**COMPLAINT**

Plaintiff Malka Fogel ("Plaintiff" or "Fogel") by and through her attorneys, RC Law Group, PLLC, as and for her Complaint against Defendant Escallate, LLC ("Defendant" or "Escallate") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.    Plaintiff is a resident of the State of New York, County of Kings, residing at 1726 Ocean Avenue, Brooklyn, NY 11230.

3.    Escallate LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5200 Stoneham Rd, Ste200, North Canton, Ohio, 44720.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x

Malka Fogel

        Plaintiff,

   -v.-

Escallate, LLC

        Defendant.
-----------------------------------------------------------------x

Index No: _____

**COMPLAINT**

Plaintiff Malka Fogel ("Plaintiff" or "Fogel") by and through her attorneys, RC Law Group,

PLLC, as and for her Complaint against Defendant Escallate, LLC ("Defendant" or "Escallate")

respectfully sets forth, complains and alleges, upon information and belief, the following:

<u>**INTRODUCTION/PRELIMINARY STATEMENT**</u>

  1.  Plaintiff brings this action for damages and declaratory and injunctive relief

arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United

States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

<u>**PARTIES**</u>

  2.  Plaintiff is a resident of the State of New York, County of Kings, residing at 1726 Ocean

Avenue, Brooklyn, NY 11230.

  3.  Escallate LLC is a "debt collector" as the phrase is defined in <u>15 U.S.C. § 1692(a)(6)</u> and

used in the FDCPA with an address at 5200 Stoneham Rd, Ste200, North Canton, Ohio, 44720.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well

as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant

jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this judicial district pursuant under N.Y. CVP. Law 301(a),

because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact

business here.

## FACTUAL ALLEGATIONS

6.      Plaintiff repeats, reiterates and incorporates the allegations contained in

paragraphs numbered "1" through "6" herein with the same force and effect as if the same

were set forth at length herein.

7.      On information and belief, on a date better known to Defendant, Defendant began

collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8.      This debt was  incurred as a financial obligation that was primarily for personal,

family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C.

§ 1692a(5).

9.      When a debt collector solicits payment from a consumer, it must, within five days

of an initial communication, provide the consumer with a written validation notice which

must include the following information:

        (1) the amount of the debt;

        (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

10.      The FDCPA further provides that if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

11.      This letter contains the "g-notice" but also contains false information.

12.      Although a collection letter may track the statutory language, "the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that

'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act.'' Russell, 74 F.3d at 34.

13. The letter fails to properly convey the requirement for the dispute to be in writing in order to invoke certain remedies.

14. This language overshadows the ''g-notice'' and deceives the consumer into a false understanding of their validation rights.

15. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## Collection Calls

16. During the course of the past year the Plaintiff received collection calls from the Defendant.

17. The Defendant intentionally acted in a deceptive manner when collectors for the Defendant left voicemails for the Plaintiff and failed to properly disclose that this was an attempt to collect a debt and the name of the agency.

18. These calls from Defendant to Plaintiff was a collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1), amongst others.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

20.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

21.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Malka Fogel demands judgment from Defendant Escallate, LLC as follows:

a)      For actual damages provided and pursuant to <u>15 U.S.C. § 1692k(a)1</u>;

b)      For statutory damages provided and pursuant to <u>15 U.S.C. § 1692k(2)(A)</u>;

c)      For attorney fees and costs provided and pursuant to <u>15 U.S.C. § 1692k(a)(3)</u>;

d)      A declaration that the Defendants practices violated the FDCPA; and

e)      For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
       July 30, 2015

RC Law Group, PLLC
By: Daniel Kohn Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201.282.6500 ext. 201
Fax: 201.282.6501

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

Index No. _____

MALKA FOGEL

Plaintiff

-against-

ESCALLATE LLC

Defendant

## SUMMONS & COMPLAINT

## Revaz Chachanashvili Law Group, PLLC

*Attorneys for Plaintiff*
*Office Information:*
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR. 1200.41-a.*

Dated:   July 30, 2015                     Signature: ...................................................
                                                                    *Daniel Kohn*

## AFFIRMATION

Daniel Kohn, an attorney being admitted to practice before the Courts of this State, affirms under penalty of perjury:
1. I, Daniel Kohn, Esq., am attorney for Plaintiff Malka Fogel

Dated:  July 30, 2015

*Daniel Kohn*